[The following opinions were not published with others of the term at which they were filed, because of the filing of petitions for rehearing.— REPORTER.]

### DAVID LONERGAN, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

**Negligence:** OMISSION OF RAILWAY ENGINE TO GIVE SIGNAL AT CROSSING: LIABILITY. While the plaintiff was engaged in unloading corn from his wagon into a crib upon the defendant's depot grounds near the railroad track, and near a highway crossing over the defendant's road, the horses which were attached to the wagon were frightened by the passing of an engine upon the defendant's road, and ran away, and the plaintiff was thrown from his wagon, and injured. In an action for damages on account of the injuries sustained, it appeared that the engine passed over the crossing near which the plaintiff was unloading without ringing a bell as required by chapter 104 of Acts of the Twentieth General Assembly. *Held*, that the failure to ring the bell was negligence, and rendered the defendant liable for the damages sustained.

*Appeal from Floyd District Court.*—HON. GEORGE W. RUDDICK, Judge.

.SATURDAY, OCTOBER 10, 1891.

ACTION to recover for personal injuries caused by the negligence of defendant's employees in failing to ring the bell of an engine running upon the defendant's railroad. The cause was tried to a jury, and upon direction of the court a verdict was rendered for the defendant. The plaintiff appeals.—*Reversed.*

(755)

*J. S. Root*, for appellant.

*W. J. Knight*, for appellee.

Beck, C. J.—The undisputed facts of the case are these: While the plaintiff was rightfully engaged in unloading corn from his wagon into a crib upon the defendant's depot ground near the railroad track, an engine passing on the railroad frightened the plaintiff's horses hitched to the wagon, causing them to run away, throwing the plaintiff from the wagon, and thereby inflicting personal injuries, to recover for which this suit is brought. The crib in which plaintiff was unloading the corn was near two highway crossings upon the defendant's road, over which the engine ran without the bell thereon being rung. Upon these facts the court directed a verdict for the defendant by an instruction in the following language:

"You are instructed in this case, the evidence of the plaintiff, which is undisputed, shows that at the time the plaintiff's team started to run, and he was thrown from the wagon and injured, he was unloading a load of corn at the corn crib, near the defendant's station house, and was not attempting to cross the railway track, or using a highway for the purpose of traveling thereon. Under these circumstances, I charge you that the failure to ring the bell, as charged in the petition, does not constitute negligence on the part of the defendant, for which it can be held liable in this action, and that the statute requiring a bell to be rung approaching public crossings does not apply to this case, and your verdict should be for the defendant."

Upon this instruction arises the only question in the case. Chapter 104 of Acts of the Twentieth General Assembly (Miller's Code, 471; McClain's Code [Ed. 1888], sections 2003, 2004), provides as follows:

"Section 1. That a bell and a steam whistle shall be placed on each locomotive engine operated on any rail-

way in this state, and said whistle shall be twice sharply sounded at least sixty rods before a highway crossing is reached, and after the sounding of the whistle the bell shall be rung continuously until the crossing is passed: providing, that at street crossings within the limits of incorporated cities or towns the sounding may be omitted, unless required by the council of any such city or town; and the company shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

"Section 2. Every officer or employee of any railway company who shall violate any of the provisions of this act shall be punished by fine, not exceeding one hundred dollars, for each offense."

The statute imposed the duty upon the person operating the engine to ring the bell while the engine was passing the place where the plaintiff was unloading his corn, and makes the neglect of such a duty a misdemeanor punishable by fine, and declares that the defendant shall "be liable for all damages which shall be sustained by any person by reason of such neglect." The failure of the defendant's employes to perform the duty to ring the bell, imposed upon them by statute, was negligence, under the familiar doctrine of the law. *Correll v. Burlington, C. R. & M. Railway Co.*, 38 Iowa, 120; Shearman & Redfield on Negligence [3 Ed.], section 13a. It will be observed that the bell is to be rung at the crossings. It may be presumed that the statute is intended to warn persons at the crossings of the approach of the cars, and thus enable them to avoid the engine. But the signal enables all persons who may be exposed to danger by the approaching engine to escape it, and such persons may rely upon the discharge of the duty required by the statute, as in all other cases, and act accordingly. It is therefore plain that the plaintiff sustained injury by the neglect of the defendant's employees in omitting

the signal, and may recover therefor. It can not be doubted that when one may rely upon the discharge of a duty imposed by law upon another, and is injured by the negligent omission of that duty, he may have an action therefor against the person guilty of the negligence. It is not the case of negligence in the performance of a contract for the transportation of persons and property, but it is negligence by reason of the omission of a duty imposed by statute. The negligent omission was inherently wrong, for it is in violation of the statute and is a misdemeanor, and it endangered life and property of all persons exposed to the danger of a passing engine without the signals required by law. It is plain that all persons exposed to the dangers and suffering from the effects of such negligence may recover therefor. Shearman & Redfield on Negligence, section 54.

The instruction of the court below, directing the verdict, seems to be based upon the thought that no one is entitled to protection against the negligence of omitting to ring the bell, except persons who were using or about to use the highway crossing. This would be true only in case the negligence was the omission of an obligation or duty raised by contract, express or implied, or imposed by special relations of the parties. But the case is one where the negligence causing the injury arises by reason of the violation of a statute which declares the negligence to be a misdemeanor. In support of these views, we cite *Wakefield v. Connecticut & P. Rivers Railroad Co.*, 37 Vt. 330; *Central Railroad Co. v. Raiford*, 9 S. E. Rep. (Ga.) 169; *Georgia Railroad Co. v. Williams*, 74 Ga. 723; *Western & A. R. Railroad Co. v. Yovng*, 7 S. E. Rep. (Ga.) 912; *Ransom v. Chicago, St. P., M., & O. Railroad Co.*, 22 N. W. Rep. (Wis.) 149. Cases are cited by counsel for the defendant in support of views in conflict with our conclusions, and some of them are to

that effect, but we are clearly of the opinion that they are in conflict with principle. Other cases cited by counsel are not in conflict with our conclusions in this case.

In our opinion, the district court erred in giving the instruction directing a verdict for the defendant. Its judgment, therefore, ought to be REVERSED.

### UPON REHEARING.

#### FRIDAY, OCTOBER 14, 1892.

ROTHROCK, J.—A petition for rehearing was granted in this case, and we have again examined the question involved in the light of reargument by counsel for the respective parties.

It is claimed in the petition for rehearing that the cases cited in the opinion as sustaining the conclusion reached are not in point. It rarely occurs that cases are exactly alike in their facts. This can occur only when the cases arise out of the same transaction. But there are a multitude of adjudged cases which are so nearly alike that the same legal principles may be applied in deciding them.

It is important that we keep in mind the precise relation that the plaintiff in this case sustained to the railroad company. He had driven his wagon loaded with corn upon the station ground for the purpose of placing the load in a crib, that the corn might be shipped on the defendant's road. It is a matter of common knowledge that grain elevators, corn cribs, coal sheds, and, in some instances, lumber yards, are located on station grounds of railroads. Every team which is driven upon the grounds for the purpose of loading or unloading grain or other freight received or to be shipped on the railroad must be regarded as on the depot ground by the invitation of the railroad company. It is an absolute necessity that they should be there to transact their business; other-

wise, the railroad company could not transact the business of a common carrier.

In the case of *Wakefield v. Connecticut & P. Rivers Railway Co.*, 37 Vt. 330, the plaintiff had driven his team over a highway crossing and along a public road, about thirty-five rods south on the highway, parallel with the railroad, when a train going north frightened his horses. The negligence charged was that the crossing signal was not given. The question was whether, after having passed the crossing, a duty was due to him to give the signals. The court held that the purpose of the law is to secure as much safety as could be done by notice of the approach of an engine against accidents by reason of such crossings. But the court said: "While such accidents are in the main likely to happen to persons approaching and about passing such crossings, yet they are not confined to such persons, and we think it would be an unwarrantable restriction of this provision of the statute to hold that the duty thereby imposed has reference only to persons approaching or in the act of passing the crossing. In our judgment, that duty exists in reference to all persons who, being lawfully on or in the vicinity of the crossing, may be subjected to accident and injury by the passing of engines at that place."

In *Georgia Railroad Co. v. Williams*, 74 Ga. 723, the case and question decided are well and tersely stated in a headnote as follows: "Where a person injured by a railroad train was walking on the track without the permission of the company, and had passed beyond the crossing of a public road about two hundred yards, when he was injured by a train coming up behind him, a noncompliance on the part of the company with the law in regard to the duty of railroad companies in respect to the erection of blow posts, and the blowing, and continuing to blow, the whistle, and the checking, and continuing to check, the speed in

running, may go to the jury as a circumstance showing negligence." This case was approved in *Central Railroad Co. v. Raiford*, 9 S. E. Rep. (Ga.) 150. In *Ransom v. Chicago, St. P. M. & O. Railroad Co.*, 22 N. W. Rep. (Wis.) 149, it was held that a statute similar to that in force in this state was designed to guard against danger of injury from the frightening of teams traveling upon the highway or crossing, as well as the danger of actual collision at the crossing; and a railroad ·company is, therefore, liable for injuries caused by a failure to comply with that statute to persons traveling upon a highway parallel to the railroad, and not intending to cross the track.

Now, it appears to us that these cases are in accord with the reasoning and result reached in the foregoing opinion. Indeed, they go further in their requirements as to the duty of the company to give the signals than it is necessary to go in the case at bar. In *Georgia Railroad Co. v. Williams*, the plaintiff was in no manner connected with the railroad company, and his position had no relation to the crossing, or to travel on a parallel road. He was walking on the railroad track without the permission or invitation of the railroad company. In the other cases the parties were not approaching a crossing, nor intending to cross, but were traveling lines of road parallel with the railroad. In the case at bar the plaintiff was upon the depot grounds, where it was actually necessary that he should be, to unload his corn, that the defendant might conveniently receive it and ship it to market. In the case of *Cahill v. Cincinnati, N. O. & T. P. Railway Co.*, 18 S. W. Rep. (Ct. App. Ky.) 2, it was held that persons lawfully using a private crossing are entitled to the benefit of signals which they know it is the duty and custom of the railroad to give at public crossings, and for failure to give such signals, negligence as to such persons will be imputed to the railroad com-

pany. It is to be said that there is no statute in force in the state of Kentucky requiring signals to be given, but it is held by the courts of that state that a failure to give such signal of the approach of a railroad train as would be sufficient to apprise persons at or near a public crossing of its approach is regarded as negligence. And in the recent case of *Sanborn v. Detroit, B. C. & A. Railway Co.*, 52 N. W. Rep. (Sup. Ct. Mich.) 153, it was held by a majority of the court that the provisions of a statute requiring a highway signal to be given inures to the benefit not only of persons on the highway, but to one injured, by reason of failure to give the signal, while lawfully using a private crossing at a distance from the highway. It appears to us that the last two cited cases are more nearly in principle like the case at bar than those cited in the foregoing opinion. In the case at bar the plaintiff was on the depot grounds, unloading his corn, by the permission and invitation of the defendent, and in the cited cases the parties injured were lawfully upon the private crossings, and each had a right to suppose that the defendant's employees would obey the law of the state requiring signals at public crossings.

It is conceded in the foregoing opinion that cases cited by counsel for the defendant are, in effect, in conflict with our conclusions. These cases are again called to our attention in the petition for rehearing. The first case presented in the petition is *O'Donnell v. Providence & W. Railroad Co.*, 6 R. I. 211, where a party walking on a railroad track a short distance from a highway crossing was run over and injured, and brought suit against the company, alleging a failure to ring the bell, as required by statute, as negligence. It was held that he could not recover, because the statute was not for the benefit of persons in the situation of the plaintiff, the statute not having been enacted for his benefit. *East Tenn. Va. & Ga. Railroad Co. v. Feathers*, 10 Lea, 103, is a

case where the plaintiff and his wife, traveling on horseback, had passed over the crossing, and traveled east on a road parallel with the railroad for a quarter to half a mile from the crossing, when a train approached from the west, and frightened the wife's horse, which threw her and killed her. It was held that the company was not liable for failure to give a crossing signal. The reason of the decision is that the statute does not apply, because the plaintiff and his wife were riding parallel to the railroad, with no purpose to cross it. *Harty v. Central Railroad Co.*, 42 N. Y. 468, was another case where a party was injured while walking on the railroad track at a point two hundred feet from a road crossing. It was held that the railroad company owed him no duty, under the law, to ring the bell or sound the whistle. *Bell v. Hannibal & St. Jo. Railroad Co.*, 72 Mo. 50, was another case where a boy was standing on a railroad track forty to sixty feet from a street or road crossing, and was run over and killed. It was held that a statute requiring a bell to be rung at a public crossing was for the benefit of persons at the road crossing, or approaching it, and not for one forty or sixty feet away from it, and on the railroad track. In *Williams v. Chicago & Alton Railroad Co.*, 26 N. E. Rep. (Ill.) 661, it was held that a statute requiring crossing signals to be given had no application to a case where the plaintiff was plowing on a farm near the railroad right of way. Other cases are cited which hold that a statutory provision requiring signals upon the approach to a public crossing are for the benefit of travelers upon public highways, and not for others.

The only cases cited by counsel for the appellee in which it is held that the duty to give a crossing signal has no application to persons having substantially the same relations to the railroad company as the plaintiff in this case are *Railroad Co. v. Depew*, 40 Ohio St. 121, and *Pike v. Chicago & Alton Railroad Co.*,

39 Fed. Rep. 754. In the first named case, the plaintiff was injured while walking on the railroad track from the station to a car load of his goods, which he was about to send over the road; and in the last named case, the plaintiff was a watchman on a railroad bridge, and he alleged that by reason of a failure to give a crossing signal at a public highway half a mile from the bridge, he was caught on the bridge and injured.

It is not to be denied that there is a conflict of authorities upon the question, but it will be seen, by an examination of all the cases, that in most of them which hold that a failure to give the signal is not negligence, the plaintiff bore no relation to the company whatever. He was either upon the railroad track without permission, or engaged in no duty to the railroad company, but was in a place of danger of his own choice, and for his own convenience or pleasure. Another was plowing in a field. We do not hold that a railroad company may incur liability for damages occasioned by the frightening of teams engaged in all kinds of service and employment near the railroad track because no signal is given at public crossings, by reason of which teamsters fail to secure their teams when the cars approach, and it is not necessary in this case to hold that it is negligence to fail to give the signals to travelers upon highways running parallel with the railroad. We desire to limit the general statements of the foregoing opinion to the particular facts of this case, and our holding is that the relation between the defendant and the plaintiff was such that the plaintiff had the right to rely on the defendant obeying the law in reference to giving the signal. Any other disposition of the case would be a license to locomotive engineers to approach stations, where there are always road and street crossings, without warning, by signals, no matter what injury might result from frightening teams law-

fully upon the station grounds, with persons in charge transacting business with the railroad company.

We adhere to the original opinion, and the judgment is REVERSED.