E. HEISE v. THE CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

**Railroads:** CROSSING ACCIDENT: FAILURE TO GIVE SIGNALS: INSTRUCTION.
1 Where the plaintiffs claim of negligence, in an action for the value of cattle killed at a railway crossing, was that defendant operated its train over a particular highway at an unlawful speed and without giving the statutory signals, an instruction allowing recovery for failure to give the statutory signals at other crossings was erroneous, because the only claim of negligence in that regard has reference to the crossing where the accident occurred; and for the further reason that by the language of the statute the inquiry is limited to a failure to give the signals for the particular crossing as to which complaint is made.

**Same:** CONTRIBUTORY NEGLIGENCE: EVIDENCE. It is competent to show
2 whether signals were given at preceding crossings, which were or might have been heard by the person in charge of cattle killed at a particular crossing in time to have avoided the accident, as bearing on the care of the person in charge of the cattle killed by reason of the alleged failure to give the signals; but when received for that purpose it will not be presumed on appeal that the

other party consented to its consideration on an issue not presented by the pleadings.—Ladd J., dissenting.

TUESDAY, JANUARY 26, 1909.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

ACTION to recover the value of cattle killed by defendant's train at a highway crossing. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*G. H. Phillips, W. J. Ainsworth* and *Carr & Carr,* for appellant.

*G. H. Rohrig* and *D. W. Clements,* for appellee.

McCLAIN, J.—Certain cattle belonging to plaintiff and another (plaintiff being the assignee of the cause of action of his co-owner) were being driven along a highway, crossing defendant's railway a short distance northwest of a signal station on defendant's road, when they were run into by a passenger train of defendant's coming from the northwest and several of the animals were killed. Plaintiff bases his right to recover for the killing of these animals upon allegations that the defendant was "owning and operating a line of railroad through Fayette County, Iowa, and maintaining its yards, tracks, and terminals on, over and across a certain public highway," further described, and that on the date of the accident "the defendant, by its agents and servants, while so operating one of its engines and cars on its said railroad on, over and across the above-described highway, and on, over, and across its yards and terminals, did negligently, wrongfully, wilfully, wantonly, maliciously, carelessly, without giving any warning or statutory signals, and at an unlawful and

prohibited rate of speed run its engine and cars onto and upon thirteen head of cattle," etc. The only question submitted to the jury as to the negligence or wrong of defendant was as to failure to give the statutory signals required by Code, section 2072, providing that "A bell and a steam whistle shall be placed on each locomotive engine operated on any railway, which whistle shall be twice sharply sounded at least sixty rods before a road crossing is reached; and, after the sounding of the whistle, the bell shall be rung continuously until the crossing is passed," and declaring that the company shall be liable for all damages sustained by reason of the neglect of any railway company to comply with the provisions of the statute. A penalty for such neglect is also imposed on any officer or employee of the company violating any of the provisions of the section. It appears from the evidence that there was another highway crossing over the railway track one thousand one hundred and twenty-one feet further northwest, and still another about a mile northwest of the crossing where the cattle were killed, and that between the two last-mentioned crossings there was a station whistling post. There was conflicting evidence as to whether statutory signals were given at each of these three highway crossings, and the court instructed the jury that the particular acts of negligence complained of consisted in "the failure of the defendant's servants and agents operating the train to sound the whistle and ring the bell at the crossings in question," and that the jury should carefully examine the testimony and determine "whether the whistle was twice sharply sounded at least sixty rods before the road crossings in question were reached, and whether, after the sounding of the whistle, the bell was or was not continuously rung until the crossing was passed." Under the evidence and these instructions the jury might have found a breach of duty on the part of defendant rendering it liable for the killing of the animals in question in failing

to give the statutory signals at either the first or second of the crossings northwest of the crossing at which the animals were killed, although proper statutory signals were given at the crossing where the accident occurred.

We think the instructions of the court allowing a recovery for failure of the defendant to give statutory signals at other crossings than the crossing at which the accident occurred were erroneous for two reasons: First, because no issue was presented in the pleadings as to any fault of the defendant in failing to give signals at other crossings than the one where the accident occurred; and, second, because failure to give signals at other crossings can not be considered in determining the liability of the defendant for failure to give signals at the crossing where the accident occurs.

1. RAILROADS: crossing accident: failure to give signals: instructions.

The first of these propositions depends on a construction of the plaintiff's petition, which we have set out with sufficient fullness to show that the only claim with reference to failure to give statutory signals was with reference to the crossing where the animals were injured. There was nothing in the pleadings to advise defendant that it should be prepared to show that it had given statutory signals at other crossings.

As to the second ground of error above suggested it is sufficient to say that it is negligence to fail to give the statutory signals "before a road crossing is reached" for which the railway company is made liable for damages sustained by any person by reason of such neglect. In other words, by the specific language of the statute the inquiry with reference to damages resulting from the failure to give statutory signals at a crossing is limited to the failure to give the signals required for the particular crossing as to which there is such complaint. It is true that we have held, in *Lonergan v. Illinois Cent. R. Co.*, 87 Iowa, 755, and *Ward v. Chicago, B. & Q. R. Co.*, 97 Iowa,

50, that these signals are not only for the benefit of persons who are on or about to cross the track, but also for the benefit of those who are near the crossing with teams, or otherwise, so that the signals, if given, would have assisted them in avoiding injury resulting from the operation of the train. In the latter of these cases it was said that it was a question for the jury to determine whether the engineer should have apprehended that the speed of the train and the failure to give the statutory signals would likely imperil those in close proximity to the track or about to cross it. But there is no indication in either of the cases that the inquiry as to failure to give statutory signals at other crossings can be imputed to a railway company as a wrongful act proximately connected with an injury at or near a crossing at which statutory signals are in fact given. There must be some proximate connection between the wrong complained of and the injury suffered, and no matter what may be the wrong of the defendant, it is responsible only for injury to one to whom a duty is owed involving the wrongful act or neglect of which complaint is made. It will not do to leave it open to speculation whether, if signals had been given at a crossing a mile away, the injury at or near the crossing with reference to which the statutory duty to give signals is involved would have happened; nor will it do to say that persons as to whom the defendant owes no duty whatever can recover for injuries which such persons might have avoided had the signals been given. Those who are at or near a crossing and in such situation with reference to the railroad track that the company owes them some duty of warning may complain of the breach of the statutory duty as to signals at such crossing, but as to all other persons the failure to give the statutory signals is too remote a cause on which to base a recovery.

It is insisted for appellee that the case was tried, without objection, on the theory that failure to give statutory

signals at either of the other crossings, if established,
would constitute negligence or breach of
duty toward the plaintiff on the part of the
defendant, and that therefore the court prop-
erly instructed on that theory, but this claim is not sup-
ported by the record. The evidence as to signals bore on
the issue whether the man in charge of the cattle exercised
reasonable care in attempting to prevent them from being
run into by the train, and for that purpose it was compet-
ent to show whether or not signals were given which he did
hear, or might reasonably have heard, in time to have kept
the cattle out of danger from the approaching train. Evi-
dence on the part of the defendant that signals were given
at the crossing next preceding that at which the cattle
were injured was also properly introduced to show that
the person in charge of the cattle was thus warned of the
approach of the train, and a failure to give signals at the
crossing where the accident occurred would have been of
no further advantage to him in preventing the accident.
As the evidence at the other crossing was therefore com-
petent for another purpose, it is not to be assumed that
defendant consented to its consideration by the jury on an
issue not presented by the pleadings; that is, the issue of
negligence or wrong of the company in failing to give
statutory signals at the other crossings.

It is further contended for appellant that a verdict
should have been directed for defendant on account of in-
sufficiency of the evidence to show negligence or breach of
duty on defendant's part, or freedom from contributory
negligence on the part of the person in charge of the cattle,
but we are satisfied that in the record there is sufficient
evidence to justify the court in submitting the case to the
jury. Other errors assigned with reference to the giving
and refusal of instructions are not in our judgment of
sufficient importance to justify their discussion.

For the errors pointed out, the judgment is *reversed*.

2. SAME: contrib-
utory negli-
gence:
evidence.

LADD, J., dissenting.—The highway crossing to the northwest was but one thousand one hundred and twenty-one feet from that where the cattle were injured by the train. It was moving at a speed of about forty-five miles an hour, and manifestly one might not rely on the signals sixty rods distant in driving a slowly moving herd of cattle on the crossing. Would he have the right to rely on signals being sounded for the crossing one thousand one hundred and twenty-one feet farther away? This issue is clearly raised in the pleadings and to this inquiry the majority say no. But for previous decisions of this court there might be ground for this conclusion, on the theory that the duty imposed by statute is due only to persons or animals using or about to make use of the particular crossing. See *Reynolds v. Ry.*, 69 Fed. 808 (16 C. C. A. 435, 29 L. R. A. 695); *Railway v. Depew*, 40 Ohio St. 121; *Pike v. Ry.* (C. C.) 39 Fed. 754; *Bell v. Ry.*, 72 Mo. 50; *Harty v. Ry.*, 42 N. Y. 468; *O'Donnell v. Ry.*, 6 R. I. 211; *East Tenn., Va. & Ga. Ry. Co. v. Feathers*, 10 Lea (Tenn.) 113; *Ranson v. Ry.*, 62 Wis. 178 (22 N. W. 147, 51 Am. Rep. 718). But this court has elected to give a broader construction of the statute, and apparently held that, as a penalty is attached to its violation, any proximate injury flowing therefrom is the subject of redress. See *Lonergan. v. Ry.*, 87 Iowa, 755, where the owner of a team, who was engaged in unloading a wagon into a corn crib on the depot grounds, might recover damages resulting from the frightening of said team by a passing engine; it being shown that the crib was near a highway and the engine's bell not rung. In *Ward v. Railway*, 97 Iowa, 50, the blowing of the whistle while the wagon was still on the right of way frightened the team, and the issue whether, had the bell been rung for sixty rods before reaching the crossing, the team would have been out of harm's way was held for the jury. Why not follow these decisions to their logical conclusions or else overrule them? The ma-

jority lay down the rule that those "at or near a crossing, and in such situation with reference to the railroad track that the company owes them some duty of warning, may complain of the breach of the statutory duty as to signals at such crossing." How near must the person entitled to the protection of the statute be, and in what situation? It seems to me a better construction to say that the statute has for its object the protection of all coming in vicinity of the railroad, and any one lawfully in a situation where the negligent omission to sound the whistle or ring the bell, as exacted by law, may constitute the direct and proximate cause of the injury to him is entitled to aver such negligent act as a basis of an action. In *Ranson v. Railway*, 62 Wis. 178 (22 N. W. 147, 51 Am. Rep. 718), the court decided that such signals were for the protection of those driving along a highway parallel with the track. In Kentucky the doctrine prevails that persons in the adjacent streets may rely on the highway signals, *Louisville, etc., Ry. Co. v. Penrod*, 108 Ky. 172 (56 S. W. 1), and, though no signals need be given at private crossings, persons approaching or crossing these, are held by several courts to be within the protection of the law requiring signals at public crossings. *Cahill v. Railway*, 92 Ky. 345 (18 S. W. 2); *Sanborn v. Railway*, 91 Mich. 538 (52 N. W. 162, 16 L. R. A. 1198). See also, *Norton v. Railway*, 113 Mass. 366; *Wakefield v. Railway*, 37 Vt. 330 (86 Am. Dec. 711).

The test, as it seems to me, is whether one is lawfully in a position in which the failure to observe the statutory duty might work an injury. If so, the right to complain exists. In my opinion, the issues as to whether there was a failure to give the statutory signals for the crossing first above at least, and whether such failure was the proximate cause of the collision, were rightly submitted to the jury.