GEO. R. WARN v. CHICAGO GREAT WESTERN RAILWAY
COMPANY, Appellant.

**Railroads:** CROSSING ACCIDENT: NEGLIGENCE: FAILURE TO SIGNAL THE
CROSSING. Failure to observe the statute requiring a railway com-
pany to signal the approach of a train at a street crossing by ring-
ing the bell constitutes such negligence as to render the railway
company liable, not only for an injury occurring at the crossing
but also for injury occurring near the track, which might have
been avoided had such warning signal been given. Thus where
an accident occurs, as in this case, from the fright of a horse
driven along a street, parallel with and upon which the railway
tracks were located, by the approach of an engine without giving
the statutory signal, the company is liable although the driver had
not yet turned upon the street crossing the tracks; it appearing
that the accident might have been avoided had the signal been
given.

*Appeal from Marshall District Court.*—HON. J. M.
PARKER, Judge.

FRIDAY, JULY 8, 1910.

ACTION to recover damages for personal injuries result-
ing to the minor son of plaintiff from being thrown out of
a buggy by reason of the frightening of the horse attached
thereto, while said son was attempting to drive across the
track of defendant's road in the city of Marshalltown at
a street intersection; the allegations of negligence being that
the engine and cars of the defendant which frightened the
horse were operated at an unlawful rate of speed, and
without the giving of the signals required by statute and
ordinance. There was a verdict for plaintiff, and from
judgment on such verdict defendant appeals.—*Affirmed.*

*Carr, Carr & Evans* and *Carney & Carney,* for appellant.

*Theo. F. Bradford* and *R. E. Johnson,* for appellee.

McClain, J.—The minor son of plaintiff for injury to whom this action is brought, accompanied by a younger brother, was driving a single horse in a buggy westward along Nevada Street in the city of Marshalltown on which street there are tracks of the defendant railway occupying the north half of the street, and on reaching Eighth Avenue, running at a right angle with Nevada Street, he turned to the north, as alleged in the petition, in order to cross the tracks of the defendant road and proceed up Eighth Avenue. The two boys, who were the only witnesses for plaintiff as to what happened, testified that they had crossed the first track and were approaching the second when three cars backed by an engine came upon them from the west, and their horse becoming frightened swung around suddenly to the west towards the approaching cars and threw the older boy out of the buggy, causing his arm to be broken. It is for this injury that action is brought. These two witnesses testified also that the engine and cars approached the crossing at a higher rate of speed than permitted by statute or ordinance, and without ringing of the bell on the engine as required by the city ordinance on the subject, and their testimony tended to show that if they had been aware of the approach of the engine and cars they could have avoided the accident. The testimony of witnesses for the defendant not only tended to negative the unlawful speed of the engine and cars and the failure to give a signal or warning, but also tended to show that at the time the horse was frightened the vehicle had not yet reached Eighth Avenue, but was being driven westward along Nevada Street south of the defendant's tracks, and that the horse being frightened jumped south and ran

southwest, striking a switch stand which was on the south line of Nevada Street and east of Eighth Avenue, and that it was at this point that the accident occurred. There is some corroboration of the testimony of defendant's witnesses as to the place of the accident in the testimony of the boy who was not injured, for according to his account of what happened the horse did bring the buggy into collision with the switch stand, although the injured boy was thrown out before the buggy collided with the switch stand. We think, however, that the testimony is not so conclusive as to the place and manner of the accident as that we would be justified in reversing the case on the ground of the insufficiency of the evidence to support the verdict.

The case was submitted to the jury on the theory of the allegations of the petition, which there was evidence tending to support, that while the boys were attempting to cross defendant's track at Eighth Avenue the cars were backed down from the west without warning and at a negligent and unlawful rate of speed. The complaint of appellant in this respect is that if, as the testimony of defendant's witnesses tended to show, the horse became frightened while on Nevada Street, before the boys had turned north on Eighth Avenue to cross the tracks, and in consequence of this fright the buggy was upset and the injury complained of resulted, then defendant would not be liable because it had the equal right with the travelers on Nevada Street to the use of that street, and if the horse was frightened by the appearance of the train and the ordinary noises of its passage, there can be no recovery by plaintiff, and that failure to ring the bell could not have been the cause of the frightening of the horse.

But the statute required the bell to be rung continuously for at least sixty rods as an engine approaches any street crossing, and if the defendant's employees operating the engine in question did not ring the bell before approach-

ing the Eighth Avenue crossing, then there was such neg-
ligence as to render the defendant liable not only for an
injury occurring at such crossing, but for injuries to
persons near the track who would have been warned by such
signal of approaching danger and enabled to avoid it.
*Lonergan v. Illinois Cent. R. Co.,* 87 Iowa, 755; *Ward
v. Chicago, B. & Q. R. Co.,* 97 Iowa, 50; *Heise v. Chicago
Gt. W. R. Co.,* 141 Iowa, 88. Therefore, the fact that
the boys who were in charge of this horse had not yet
turned up Eighth Avenue and were not in the act of
crossing the tracks when their horse was frightened by the
approach of the engine and cars without the required warn-
ing would not, as a matter of law, relieve the defendant
from liability for failure to ring the bell on approaching
that crossing, if it should appear that had the bell been
rung, the boys, advised by the signal, could have taken
precautions against the frightening of their horse which
they did not take by reason of ignorance of the danger,
and the instructions asked for defendant, to the effect that
plaintiff could not recover if the horse was frightened
while being driven along Nevada Street, and not while be-
ing driven across the tracks at Eighth Avenue crossing,
was not in accordance with the law. It is true that the
plaintiff did not ask recovery on the ground that the horse
was frightened on Nevada Street before the boys turned
north on Eighth Avenue and commenced to cross the tracks,
but the court did submit the issue tendered in the pleadings
as to whether the accident happened at the crossing on
Eighth Avenue in consequence of the failure to give the
proper signal on the approach to the crossing, and it would
not have been pertinent to this issue to instruct the jury
that there would be no liability if the horse was frightened
on Nevada Street before it had reached the crossing.
Therefore we see no error in the refusal to give this instruc-
tion. Under the pleadings it would perhaps not have been
proper to allow a recovery for the frightening of the horse

at some other place on Nevada Street than at the Eighth Avenue crossing, but the court did not submit any such issue.

Under the issue presented to the jury the evidence for defendant that the accident happened before the boys had reached the Eighth Avenue crossing was pertinent, and under the instructions could not have been considered only as negativing the happening of such an accident as was alleged in the petition, and under the instructions the jury must have considered the evidence as bearing upon that question. The appellant can not complain that the court did not submit the question as to the liability of appellant if the accident happened as described by its witnesses, for appellant would not have been free from responsibility as a matter of law, even if the accident so happened.

We reach the conclusion therefore that the court did not err in the instructions given or in refusing those asked, and that the verdict has support in the evidence as to the issues upon which the case was tried, and the judgment is therefore *affirmed*.